UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RAMIREZ,<br><br>            Petitioner,<br><br>    v.<br><br>BRIAN DUFFY, Warden,<br><br>            Respondents. | No.  2:14-cv-1641 KJN P<br><br><br>ORDER |

      Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Petitioner consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).

      Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit.  Accordingly, the request for leave to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

      Petitioner was convicted of murder, robbery, and conspiracy to commit murder, on March 19, 1985, after trial by jury in the Orange County Superior Court.  (ECF No. 1 at 1.)  Petitioner states he was sentenced to 25 years to life plus three years for an enhancement.  In ground one of the petition, petitioner claims violations of his Fifth, Eighth, and Fourteenth Amendment rights.  (ECF No. 1 at 4.)  Petitioner claims that he is being held illegally because petitioner has "passed

1

his 'primary term.'"  (ECF No. 1 at 5.)  Petitioner also argues that he is "serving an excessive and disproportionate term because the length of time he has already served exceeds the base term called for under either the indeterminate or determinate sentencing laws." (ECF No. 1 at 5.)

Further, petitioner argues that the Board's practice of deferring calculation of an indeterminate life prisoner's total term of confinement until the prisoner is found suitable for parole creates the risk that the prisoner may be confined for a period exceeding the constitutional maximum and undermines the court's ability to ensure proportionality of sentences.  (ECF No. 1 at 6.)  Petitioner contends he has passed his primary term of incarceration, and that his continued incarceration constitutes a fundamental miscarriage of justice.  (ECF No. 1 at 9.)

### A.  Attack on 1985 Conviction

Electronic court records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case.  The previous application was filed in the United States District Court for the Central District of California, Case No. 2:97-cv-7791 DE EE.  On February 27, 1998, the petition was denied without prejudice, and the petition was transferred to the Ninth Circuit Court of Appeals. Id.  On December 20, 2000, petitioner's application for authority to file a successive petition was denied. Id. (ECF No. 16.)  Thus, to the extent petitioner is attempting to file another challenge to his 1985 conviction and sentence, he must first move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).  Accordingly, to the extent petitioner challenges his 1985 conviction and sentence, such claims are dismissed without prejudice to their re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

### B.  Attack on Parole Denial

To the extent petitioner is challenging the denial of parole, this court's review of such claims is limited.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by

the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21(1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal. 4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal. 4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 864. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Swarthout, 131 S. Ct. at 863-64.

3

Here, petitioner does not expressly challenge a specific Board decision, and provided no copy of a decision he seeks to challenge, if he does. But petitioner does not allege that he was not present at a parole hearing or that he was denied the ability to participate in such hearing or that he was not provided with the reasons for the Board's decision to deny parole. (ECF No. 1, *passim*.) Moreover, the last reasoned decision of petitioner's claim in state court confirms that petitioner failed to provide a complete transcript of the challenged Board hearing. (ECF No. 1 at 19.) In an abundance of caution, the petition is dismissed with leave to amend should petitioner be able to state a cognizable claim based on the denial of his procedural due process rights during a specific parole hearing.[1] Petitioner is not granted leave to substantively challenge a specific denial of parole. Failure to file an amended petition raising such a procedural due process challenge will result in the dismissal of this action.

C. "Primary Term"

California's parole guidelines require the setting of a "base term for each life prisoner who is found suitable for parole." Cal. Code Regs. tit. xv, § 2403(a). The "base term" is "established by utilizing the appropriate matrix of base terms" provided in Cal. Code Regs. tit. xv, §§ 2403, 2403(a). Petitioner, in not yet having been found suitable for release on parole, has not met the "prerequisite for the determination of a 'base term' and the calculation of a parole date." Murphy v. Espinoza, 401 F.Supp.2d 1048, 1055 (C.D. Cal. 2005); see also Irons v. Carey, 505 F.3d 846, 851 n.3 (9th Cir. 2007)[2] (A "'determination of an individual inmate's suitability for parole under section 3041, subdivision (b) must precede any effort to set a parole release date under the uniform-term principles of section 3041, subdivision (a)'") (quoting In re Dannenberg, 34 Cal. 4th 1061, 1079-80, 23 Cal. Rptr.3d 417 (2005)); Cal. Pen. Code § 3041(b) (The Board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or

---

[1] "The only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly. Stuart v. Carey, 2011 WL 2709255 (9th Cir. 2011), citing Swarthout, 131 S. Ct. at 863. Petitioner cannot obtain more process by attempting to characterize his claims in a different way.

[2] Irons was overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. Apr. 22, 2010).

the timing and gravity of current past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting"); Cal. Code Regs. tit. xv, § 2402(a) (The Board "shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the [Board] the prisoner will pose an unreasonable risk of danger to society if released from prison."). "In other words, absent a determination of parole suitability by the [Board], there is no 'base term.'" Murphy v. Espinoza, 401 F.Supp.2d 1048, 1055 (C.D. Cal. Nov. 7, 2005). See also Cal. Pen. Code § 3041(b); Cal. Code Regs. tit. xv, § 2403(a). Thus, petitioner's claim that the Board erroneously failed to set a primary or base term has no merit. Moreover, petitioner's claim regarding application of the Indeterminate Sentencing Law is foreclosed by the decision in Connor v. Estelle, 981 F.2d 1032 (9th Cir. 1992), wherein the Ninth Circuit held that application of the suitability criteria of the DSL, rather than that of the ISL, does not violate due process, equal protection or the Ex Post Facto Clause, because "[t]he ISL and DSL guidelines apply identical criteria in determining parole suitability." Connor, 981 F.2d at 1034-35 (citing In re Duarte, 143 Cal. App.3d 943, 951, 193 Cal. Rptr. 176 (Cal. App. 3 Dist. June 15, 1983).).

Petitioner's reliance on Wilkerson v. Nelson, 133 F.3d 931 (9th Cir. 1998), does not change this outcome. In Wilkerson, the court expressly found that the Board's failure to "promptly and affirmatively fix" the prisoner's primary term meant that the primary term was "fixed at the maximum" by default. Id., citing In re Rodriguez, 537 P.2d 384, 395 n.18 (Cal. 1975), superseded by statute as stated in People v. Jefferson, 21 Cal.4th 86, 95 (1999). Because petitioner was sentenced to a term of 25 years to life, his prison term is now a life sentence until the Board finds petitioner is suitable for parole and sets a parole date.

Thus, petitioner's claim that he is entitled to a "primary term" is without merit.

D. Disproportionate

To the extent that petitioner argues that the Board's failure to find him suitable for parole has rendered his continued confinement disproportionate to his individual culpability for his

5

1  commitment offense in violation of the Eighth Amendment, such claim is without merit.

2    "The Cruel and Unusual Punishments Clause prohibits the imposition of inherently

3  barbaric punishments under all circumstances." Graham v. Florida, 130 S. Ct. 2011, 2021 (2010).

4  Torture, for example, falls into this category and is forbidden by the Eighth Amendment. Id. But

5  for the most part, the Supreme Court's precedents consider punishments challenged not as

6  inherently barbaric but as disproportionate to the crime. Id.

7    The Eighth Amendment's proportionality principle is a "narrow" one. Id. The Eighth

8  Amendment "does not require strict proportionality between crime and sentence," but rather

9  forbids only "extreme sentences that are grossly disproportionate to the crime." Id. Outside the

10 context of capital punishment, successful challenges to the proportionality of particular sentences

11 are exceedingly rare. Solem v. Helm, 463 U.S. 277, 289-90 (1983).

12   For the purposes of review under 28 U.S.C. § 2254(d), it is clearly established that "[a]

13 gross proportionality principle is applicable to sentences for terms of years." Lockyer v.

14 Andrade, 538 U.S. 63, 72 (2003); Gonzalez v. Duncan, 551 F.3d 875, 882 (9th Cir. 2008). Prior

15 to Graham, but after Andrade and Ewing v. California, 538 U.S. 11 (2003), the "only relevant

16 clearly established law amenable to the 'contrary to' or 'unreasonable application of' [AEDPA's]

17 framework is the gross disproportionality principle, the precise contours of which are unclear and

18 which is applicable only in the "exceedingly 'rare' and 'extreme' case." Norris v. Morgan, 622

19 F.3d 1276, 1286 (9th Cir. 2010) (quoting Andrade, 538 U.S. at 72). But at a minimum, "it was

20 clearly established . . . that in applying [the] gross disproportionality principle courts must

21 objectively measure the severity of a defendant's sentence in light of the crimes he committed."

22 Id. at 1287.

23   Here, the Orange County Superior Court found that because petitioner was sentenced to

24 25 years to life plus three years, "there is no showing that he is being held in custody beyond the

25 term of his sentence." (ECF No. 1 at 19.)

26   Petitioner is not entitled to federal habeas relief because the state courts' rejection of his

27 Eighth Amendment claim was not contrary to, or involved an unreasonable application of, the

28 gross disproportionality principle. See 28 U.S.C. § 2254(d). Petitioner was lawfully convicted of

1 murder and lawfully sentenced to a term of 25 years to life.  Even if that sentence effectively
2 turns out to be a sentence of life without parole, it cannot be said to violate the Eighth
3 Amendment.  Put simply, a sentence of life without parole for murder does not raise an inference
4 of gross disproportionality.  See Harris v. Wright, 93 F.3d 581, 584 (9th Cir. 1996) (mandatory
5 life imprisonment without possibility of parole for murder was not disproportionate to offense in
6 violation of the Eighth Amendment); see also Solem, 463 U.S. at 290 n.15 ("no sentence of
7 imprisonment would be disproportionate" to felony murder).

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's application to proceed in forma pauperis is granted; and

2.  The petition is dismissed without prejudice, but petitioner is granted thirty days in which to file an amended petition solely on the grounds should he be able to state a cognizable claim based on the denial of his procedural due process rights during a specific parole hearing. Failure to file an amended petition within thirty days will result in the dismissal of this action.

Dated:  November 12, 2014

/rami1641.succ

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7