1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ADAM RAMIREZ,                              No.  2:14-cv-1641 TLN KJN P

12                  Petitioner,

13          v.                                   FINDINGS AND RECOMMENDATIONS

14    BRIAN DUFFY, Warden,

15                  Respondent.

16

17    I.  Introduction

18          Petitioner is a 73 year old state prisoner, proceeding without counsel.  Pursuant to court

19    order, petitioner filed an amended petition.  Respondent's motion to dismiss is before the court.

20    As set forth below, the undersigned recommends that the motion to dismiss be granted.

21    II.  Amended Petition

22          Petitioner challenges the June 2011 decision by the Board of Parole Hearings ("BPH") to

23    deny parole for five years.  He contends that he has now served 31 years in prison, not counting

24    any good time credits, and has long passed his "matrix of 25-26 or 27 years," thus he is illegally

25    confined  (ECF 6 at 3.)  He argues that the BPH's failure to fix his primary term proportionate to

26    the underlying criminal offense and his culpability violates due process and the Eighth

27    Amendment.  Further, petitioner argues that the manner in which the BPH determined his parole

28    suitability and the minimum eligibility for parole date violates the Constitution.

                                                1

III.  <u>Procedural History</u>

Petitioner was convicted of murder on March 19, 1985, in the Orange County Superior Court, and was sentenced to 25 years to life plus three years for an enhancement.  (ECF No. 1 at 1.)

On June 14, 2011, the BPH found petitioner unsuitable for parole.  (ECF No. 6 at 3.)

On January 17, 2012, petitioner filed a petition for writ of habeas corpus in the Orange County Superior Court[1] in which he alleged that the BPH failed to consider his culpability and fix his term of imprisonment proportionate to his offense, challenged the manner in which the BPH denied parole, and argued that there was no evidence supporting the denial of parole.  (ECF No. 14-1 at 2-16.)  On February 2, 2012, the Orange County Superior Court denied the petition in a reasoned opinion.  (ECF No. 14-3 at 2-12.)  The superior court denied petitioner's due process and Eighth Amendment claims, finding that petitioner's conviction for first degree murder "is in legal effect a sentence for the maximum term of life."  (ECF No. 14-3 at 4.)  The superior court also found that the BPH "is not required to engage in comparative term analysis or calculate a determinate term of imprisonment for a life inmate unless it first determines that an inmate presents no public safety danger and is suitable for release on parole."  (<u>Id.</u>)  In addressing petitioner's second claim for relief, the superior court noted that the BPH has broad discretion in identifying and weighing the suitability factors, and found the record provided evidentiary support for the BPH's findings, and that some evidence supported the denial of parole.  (ECF No. 14-3 at 6-12.)  On May 8, 2012, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fourth Appellate District, raising the same claims.  (ECF No. 14-4.)  On May 17, 2012, the petition was denied without comment.  (ECF No. 14-5 at 68.)  On August 17, 2012, petitioner raised the same claims in a petition for writ of habeas corpus filed in the California Supreme Court.  (ECF No. 14-6.)  On October 31, 2012, the California Supreme Court denied the petition without citation or comment.  (ECF No. 14-8 at 2.)

---

[1]  This petition was initially filed in the Kings County Superior Court on November 9, 2011, and was transferred to the Orange County Superior Court where it was filed on January 17, 2012. (ECF No. 14-1 at 2.)

On January 18, 2013, petitioner filed a federal petition for writ of habeas corpus in the Fresno Division of this court in Case No. 1:13-cv-0092 MJS.  (ECF No. 14-8 at 4.)  Petitioner raised the same claims raised in his state court petitions.  Case No. 1:13-cv-0092 MJS (ECF No. 1.)  On February 27, 2013, the district court summarily dismissed the petition, finding petitioner's due process claims were foreclosed by Swarthout v. Cooke, 562 U.S. 216, 218-20 (2011), and that "[r]eview of the record for 'some evidence' to support the denial of parole [was] not within the scope of [the] Court's habeas review under 28 U.S.C. § 2254."  Case No. 1:13-cv-0092 MJS (ECF No. 6 at 4.)

On September 17, 2013,[2] petitioner filed a second petition for writ of habeas corpus in the Orange County Superior Court, alleging that the BPH's continuing denial of parole violated his Eighth Amendment rights because he was being held past his maximum "primary term" of 25 years to life.  (ECF No. 14-8 at 7.)  On November 13, 2013, the superior court denied the petition, noting that petitioner's sentence was 25 years to life plus three years; thus, there was no showing that petitioner is being held in custody beyond the term of his sentence.  (ECF No. 14-9 at 5.)  Because petitioner failed to provide a transcript from the parole hearing, the superior court found that petitioner's arguments were conclusory and failed to state a prima facie case for relief.  (ECF No. 14-9 at 5.)  On December 16, 2013, petitioner filed a second petition for writ of habeas corpus in the California Court of Appeal, Fourth Appellate District, raising the same claims raised in his second petition in the superior court.  (ECF No. 14-9 at 7.)  On January 9, 2014, the state appellate court denied the petition without comment.  (ECF No. 14-10 at 2.)  On February 10, 2014, petitioner filed a second petition for writ of habeas corpus in the California Supreme Court raising the same claims, which was denied on April 9, 2014, without citation or comment.  (ECF No. 14-10 at 4; 36.)

On July 11, 2014, petitioner filed a petition for writ of habeas corpus in this court, raising the same claims raised in his state habeas petitions.  (ECF No. 1 at 5-9.)  On November 12, 2014,

---

[2]  The petition was initially filed in the Sacramento County Superior Court on August 5, 2013, but then transferred to the Orange County Superior Court where it was filed on September 17, 2013. (ECF Nos. 14-8 at 7; 14-9 at 2.)

3

1   the undersigned dismissed the petition without prejudice, but granted petitioner leave to file an

2   amended petition based solely on the denial of his procedural due process rights during a specific

3   parole hearing.  (ECF No. 5 at 7.)  On November 26, 2014, petitioner filed an amended petition

4   alleging that his due process rights were violated at the June 14, 2011 parole consideration

5   hearing because the BPH failed to set his primary term, thus he is being held illegally because his

6   sentence is disproportionate.  (ECF No. 6 at 3-6.)

7          On April 1, 2015, respondent filed a motion to dismiss.  On April 17, 2015, petitioner

8   filed a document styled, "Traverse," which this court construes as an opposition to the motion.

9   No reply was filed by respondent.

10   IV.  <u>Successive Petition</u>

11         The court's records reveal that petitioner previously filed a petition for a writ of habeas

12   corpus challenging the June 14, 2011 denial of parole by the BPH.  The previous petition was

13   filed on January 18, 2013, and was dismissed on February 27, 2013.  <u>See</u> Case No. 1:13-cv-0092

14   MJS (E.D. Cal. [Fresno Div.]).

15         The Court must dismiss the instant petition pursuant to 28 U.S.C. § 2244(b) (as amended

16   by the "Antiterrorism and Effective Death Penalty Act of 1996" or "AEDPA").  Courts have

17   recognized that AEDPA generally prohibits successive petitions.

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions.

22   <u>Tyler v. Cain</u>, 533 U.S. 656, 661 (2001) (internal citation omitted).  The first exception to the

23   successive petition bar is for claims "predicated on newly discovered facts that call into question

24   the accuracy of a guilty verdict."  <u>Id.</u> at 661-62.  The second exception is for "a new rule of

25   constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

26   previously unavailable."  <u>Id.</u> at 662.  Pursuant to 28 U.S.C. § 2244(b)(3)-(4), the initial

27   determination of whether a second or successive petition falls into one of these exceptions is

28   made by the United States Court of Appeals upon a petitioner's application for an order

4

1    authorizing the district court to consider a second or successive petition.  See also Burton v.

2    Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of

3    Appeals before filing second or successive petition, "the District Court was without jurisdiction to

4    entertain [the petition]").

5            Although AEDPA does not specify what constitutes a "second or successive" petition,

6    Hill v. Alaska, 297 F.3d 895, 897 (9th Cir. 2002), the Supreme Court and the Ninth Circuit have

7    interpreted the term as a derivation of the pre-AEDPA "abuse-of-the-writ" doctrine.  Id. at 897-

8    98; see also Felker v. Turpin, 518 U.S. 651, 664 (1996).  Under the abuse of the writ doctrine, a

9    petition is "second or successive" if it raises claims that were or could have been adjudicated on

10   their merits in an earlier petition.  See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991); see also

11   Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (citations omitted).  A petition may

12   nevertheless be second or successive even if the claims were not presented in a prior application.

13   Cooper, 274 F.3d at 1273 (citing 28 U.S.C. § 2244(b)(2))).  A petition need not be repetitive to be

14   "second or successive," within the meaning of 28 U.S.C. § 2244(b).  See, e.g., Thompson v.

15   Calderon, 151 F.3d 918, 920-21 (9th Cir. 1998).

16           The instant petition, and the prior federal habeas petition, both challenge the BPH's denial

17   of parole on June 14, 2011.  Notwithstanding petitioner's effort to frame his claims without

18   reference to the "some evidence" standard used in evaluating parole suitability, petitioner is still

19   essentially challenging the quantum of evidence supporting the BPH's 2011 decision denying him

20   parole.  To the extent petitioner attempts to include a new claim, such as the BPH's failure to set a

21   fixed parole date, petitioner could have raised such claim in his initial federal petition but did

22   not.[3]  Petitioner was aware that the BPH did not set a fixed parole date at the June 14, 2011

23   _____

24   [3]  Moreover, as found by the Ninth Circuit, "there is no substantive due process right created by
     California's parole scheme."  Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).  Thus,

25   there is no federal due process requirement for a "some evidence" review and federal courts are
     precluded from review of the state court's application of its "some evidence" standard.

26   Respondent provided a copy of the June 14, 2011 parole hearing transcript, which reflects that
     petitioner was present at the parole hearing, was allowed to participate in the hearing, and was

27   given the reasons parole was denied.  (ECF Nos. 14-1 at 19-74; 14-2 at 1-22.)  Therefore,
     petitioner's procedural due process rights were not violated at the June 14, 2011 parole hearing.

28

                                                       5

hearing, and thus could have raised such claim in his initial federal petition.[4]  Because such claim also stems from the June 14, 2011 parole hearing, this claim is successive as well.

Therefore, before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3).  Petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

V.  Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 14) be granted; and

2.  This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

////

////

////

_____

[4]  Of course, as petitioner was previously informed, such claim is without merit.  (ECF No. 5 at 5 "absent a determination of parole suitability by the [Board], there is no 'base term.'"  Murphy v. Espinoza, 401 F.Supp.2d 1048, 1055 (C.D. Cal. Nov. 7, 2005).  See also Cal. Pen. Code § 3041(b); Cal. Code Regs. tit. xv, § 2403(a).  Thus, petitioner's claim that the Board erroneously failed to set a primary or base term has no merit.")

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  Dated:  May 4, 2015

4

5

6  /rami1641.mtd.suc

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7